ceipt in the investigation of the amount of charges, and having paid that, there is no further personal liability.

It, therefore, follows that the judgment of the court of common pleas should be reversed and that of the magistrate affirmed.

---

## INJUNCTION AGAINST SALE OF ILLEGAL PORTION OF AN ISSUE OF MUNICIPAL BONDS.

Circuit Court of Summit County.

CHARLES R. MORGAN, AS A TAX-PAYER, ON BEHALF OF THE CITY OF AKRON, v. THE CITY OF AKRON ET AL.[*]

Decided, December 30, 1909.

*Municipal Corporations—Sale of Bonds—Whole Issue Not Enjoined Where Part Only Illegal—Bonds for Sidewalk and Retaining Wall in Street Not Lawful.*

1. When in one ordinance a municipality provides for the issue and sale of bonds to pay for several separate improvements, for some of which it has authority to issue bonds and for others it has not, an injunction will not be granted against the entire issue proposed, but only against that part which is for the payment of unauthorized improvements.

2. A municipality can not raise money by the sale of bonds to pay for the construction of a sidewalk and retaining wall in a street, though the improvement of the street is adjacent to a park.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

Morgan is a tax-payer of the city of Akron; he called on the city solicitor, in writing, to bring this action, which the city solicitor declined to do. Unless restrained by the order of this court, the defendants will issue bonds of the city of Akron, under an ordinance passed February 15, 1909, and sell said bonds for the purpose of improving Goodwin avenue, by grading, paving and curbing; Haynes street from about 120 feet from Thornton street to Howe street by the construction of a

---

[*]Affirmed without opinion, *City of Akron* v. *Morgan*, 84 Ohio State, 499.

sewer therein; Amherst street from Thornton street to the Ohio canal by the construction of a sewer therein; Snyder street from a point 145 feet from Thornton street to Campbell street by the construction of a sewer therein; for the construction of a storm water sewer along the right-of-way of the Erie Railroad Company and the Cleveland, Akron & Columbus Railway Company from Market street to Oil street, thence in and along Oil street from the railroad to the Hydraulic race; for constructing sidewalks and a retaining wall at Pleasant Park; for improving and repairing streets, and for flushing, constructing and repairing sewers, ditches, drains and catch basins.

The prayer of the petition is that the defendants may be restrained from issuing or selling any such bonds, and from expending the proceeds or any part thereof obtained from any such sale, for any of the purposes named.

It is urged on the part of the plaintiff that the issuing of bonds for any such purpose is without authority of law, or, in any event, that the avails of such bonds can not be used for all of said purposes, and that if the bonds may not be issued for all of such purposes then that, as a single ordinance of the city provides for the issue and sale of bonds for all of such purposes, the court should enjoin it from the issuing and selling of said bonds for any of such purposes.

So far as the issuing of bonds for all the purposes named, except for constructing sidewalks and a retaining wall at Pleasant Park is concerned, we think the council had authority to provide for the sale of the bonds. As to the constructing of the said sidewalk and retaining wall, we think the council was clearly without authority to issue bonds or to use the avails of the sale of any bonds for this last named purpose.

Section 2835 of the Revised Statutes provides for what purposes municipalities may issue and sell bonds.

Paragraph 22 of said section provides that such bonds may be issued and sold for resurfacing, repairing, or improving any existing street or streets, as well as other public highways. We think this is sufficient authority for the using of funds raised by the sale of bonds for grading and paving Goodwin avenue, and for improving and repairing streets.

Paragraph 14 of said section authorized the issue and sale of such bonds for constructing sewers, sewage disposal works, flushing tunnels, drains and ditches, and we think this sufficiently authorizes the construction of a sewer in Haynes street, Amherst street, and for the construction of a storm water sewer along the right-of-way of the Erie Railroad Company and the Cleveland, Akron & Columbus Railway Company, and thence in and along Oil street.

The only language in the section which it is claimed authorizes the using of money from the sale of bonds "for constructing sidewalk and a retaining wall at Pleasant Park" is paragraph 20 of the section under consideration, which reads:

"For purchasing and condemning the necessary land for park and boulevard purposes, and for improving the same, as well as for improving or completing the improvement of any existing boulevard, park, or parks."

The evidence shows that it was a sidewalk along the south side of East Thornton street that it is proposed to construct with the money obtained on the sale of these bonds, and that it is a retaining wall along the south side of said street that it is proposed to construct. East Thornton street extends along the north side of Pleasant Park, but constitutes no part of the park itself, and from this it follows that to construct the sidewalk and the retaining wall proposed, would not be an improvement of an existing park, but simply the construction of a sidewalk and retaining wall in a street adjacent to a park. For this purpose money can not be raised by the sale of bonds, and the order of this court is that the defendants be enjoined from issuing, selling or using the avails of the sale of any bonds under said ordinance for constructing sidewalks and a retaining wall at Pleasant Park.

Plaintiff's attorneys will be allowed a fee of $100 in this case.